IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBERTA L. HINES, | * |
| Plaintiff, | * |
| v. | *    Civil Case No. SAG-22-1243 |
| MAYOR AND CITY COUNCIL, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Plaintiff Roberta L. Hines ("Plaintiff"), who is self-represented, has filed a Third Amended Complaint ("TAC") against her former employer, the Mayor and City Council of Baltimore ("the City"), alleging retaliation and discrimination on the basis of sex and disability. ECF 50. The City has moved to dismiss the TAC or, in the alternative, for summary judgment.[1] ECF 43. This Court has reviewed the motion, along with the relevant exhibits, oppositions, and replies. ECF 45, 48, 51, 55. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, the City's motion, treated as a motion to dismiss, will be denied except that it will be granted to the extent Plaintiff attempts to allege a hostile work environment claim.

---

[1] The procedural posture of this motion is complex. Because the City raised a new issue for the first time in its reply to its motion to dismiss the Second Amended Complaint, this Court granted Plaintiff leave to file the TAC, requiring that it be identical to the SAC except for attaching records evidencing administrative exhaustion. Plaintiff complied with that requirement and the City no longer contends that Plaintiff failed to exhaust her administrative remedies. ECF 51. Nevertheless, that procedural detour resulted in the City's motion to dismiss, ECF 43, having been filed before the TAC, ECF 50.

I.      **FACTUAL BACKGROUND**

The facts contained herein are derived from the TAC and are deemed to be true for the purposes of this motion.[2] Plaintiff worked for the Baltimore City Office of Information Technology ("BCIT"). ECF 50 at 5. She alleges that she was "harass[ed]" by the BCIT agency head, Todd Carter, from July 2019 through May 2022, by the Applications Director, Robert McBride, from March 2021 through October 2021, and by the Chief Data Architecture & Analytics, Andrew Vaught, from November 2021 through May 2022. *Id.* Her specific allegations are that:

- In January, 2020, Carter demoted her by reassigning her from the "PMO Service Unit" to "Data Teams;" ECF 50 at 6.
- On May 20, 2020, Carter engaged in a telephonic "sexual harassment attempt," which Plaintiff reported to BCIT's EOC and HR officer. No investigation or follow up occurred. *Id.*
- On June 11, 2020, Carter sent an email with a condescending tone. *Id.*
- On or about February 25, 2021, Carter permitted Plaintiff's supervisors "to pile on extra work while [her] medical restrictions were in place." *Id.*
- On June 28, 2021, McBride conducted a performance review (1) using an improper window of time, (2) indicating performance issues and (3) unfairly using her medical accommodation against her. *Id.* at 6–7.
- In August, 2021, McBride scheduled a meeting with Plaintiff to discuss departmental and personal goals. He made a personal goal for Plaintiff to learn a new project

---

[2] Plaintiff's TAC is not a model of clarity, due to her self-represented status and the extremely detailed accounting of events she provides. This Court declines to find that a pleading filed by a self-represented litigant violates FED. R. CIV. P. 8, given this Court's well-established obligation to liberally construe such pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations omitted). However, this Court's factual recitation will be limited to the facts that arguably support one or more of Plaintiff's asserted claims. For example, Plaintiff includes anecdotes about incidents at work apparently unrelated to conduct by the individuals she names as harassers. *See, e.g.*, ECF 50 at 5–6 (description of an October, 2019 incident involving other individuals). Plaintiff's TAC also uses a large number of abbreviations and acronyms that are unclear to this Court and does not describe what her actual job duties should be. *See, e.g.*, ECF 42 at 6 (suggesting that she was downgraded "to a BA with PM work duties"). Finally, some of Plaintiff's allegations do not make logical sense or are incomprehensible and will be disregarded. *See, e.g.*, ECF 50 at 6 (suggesting that Plaintiff was placed on a PIP on September 14, 2018 in retaliation for filing a civil action on June 9, 2020); *Id.* at 6–7 (allegation regarding her position being part of the IT Service Optimization Project).

management system ("JIRA"), knowing that he had had her access to the JIRA system revoked, while permitting her male counterpart full access. *Id.* at 7.

- On September 13, 2021, McBride allowed Vaught to exclude Plaintiff from a meeting about MS cloud readiness, although gathering information about that topic was one of her personal goals set during the August, 2021 meeting. Plaintiff was later cited in her PIP for not attending the meeting. *Id.* at 7.
- In December, 2021, Vaught told Plaintiff she had to spend equal time on her two units, despite the fact that one of them had work that was "hot and heavy." *Id.* at 8.
- In January, 2022, Vaught scheduled a meeting while Plaintiff had to be out of the office for a dental emergency, and then cited her absence from the meeting in her PIP. *Id.*

In addition, Plaintiff alleges that she engaged in the following protected activity:

- Filing a civil action on June 9, 2020, against her employer alleging unequal pay for female employees. *Id.* at 6.
- Emailing McBride and HR in March, 2021, to report that her workload exceeded her capacity with her loss of use of right hand and her work restrictions requiring 20-minute breaks every two or three hours. *Id.*
- Filing an internal formal EEO complaint on April 16, 2021, of sexual harassment and retaliation against Todd Carter. *Id.*
- Filing a charge of discrimination on July 7, 2021, with the Maryland Commission on Civil rights alleging sex and disability discrimination and retaliation. The City did not respond to the charge. *Id.* at 7.
- Filing a "formal complaint" on October 1, 2021, against McBride for using her disability in her performance evaluation, giving her a negative performance review, cutting her off while speaking, isolating her from meetings, not responding to her inquiries in a timely manner, and setting impossible goals. *Id.* at 7–8.
- Filing a "formal complaint" against Vaught in April, 2022, alleging that he lied about events on the PIP, engaged in "negative treatment with increased scrutiny and bullying," deliberately set her up to fail with "unrealistic deadlines and unattainable work tasks," inserting himself and doing her job, then giving her a PIP. *Id.* at 8.
- Filing a grievance on April 18, 2022, for a written warning given on April 8, 2022 for which she was denied backup documentation. *Id.*

## II. LEGAL STANDARD

The City has filed a motion to dismiss the TAC under Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, a motion for summary judgment. ECF 43. A defendant is permitted to test the legal sufficiency of a complaint by way of a motion to dismiss. *See, e.g.*, *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even

if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015).

The City has attached exhibits to its motion and asks that it be considered, in the alternative, as a motion for summary judgment. ECF 43. Summary judgment typically is not granted "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont*, 637 F.3d at 448–49. However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To present the issue, the nonmovant is typically required to file an affidavit pursuant to Federal Rule of Civil Procedure 56(d), explaining why "for specified reasons, it cannot present facts essential to justify its opposition," without further discovery. Trial courts have discretion whether to grant or deny relief under Rule 56(d), *see Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 721 F.3d 264, 280 (4th Cir.

2013), and courts generally "place great weight" on the Rule 56(d) affidavit because it ensures a party does not overturn summary judgment by simply failing to comply with the requirement of Rule 56(d). *Evans*, 80 F.3d at 961. Although no Rule 56(d) declaration has been filed, Plaintiff repeatedly asserts the need for discovery in this matter. *See, e.g.*, ECF 55 at 14 ("But again, Plaintiff needs discovery to establish her case."). Certain facts about various employment decisions, as Plaintiff contends, are only in the possession of the City. This Court therefore concludes that it is inappropriate to consider this case under the summary judgment standard before discovery has occurred and declines to consider the evidence attached to the parties' briefing.

Finally, because Plaintiff is self-represented, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), aff'd, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), aff'd 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court

erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.   ANALYSIS

Plaintiff's TAC contains three Counts: (1) harassment and discrimination based on sex; (2) harassment and discrimination based on disability; (3) harassment and discrimination based on retaliation. Initially, for each of those counts, the City suggests that Plaintiff has failed to plead a prima facie case of discrimination. But a plaintiff is not required to plead a prima facie case of discrimination to overcome a motion to dismiss. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002) (explaining that the prima facie case required by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) "is an evidentiary standard, not a pleading requirement"); *see also McCleary-Evans v. Md. Dep't of Transportation*, 780 F.3d 582, 584–85 (4th Cir. 2015). The correct standard is whether a plaintiff has plausibly alleged discriminatory conduct under the notice pleading standard of FED. R. CIV. P. 8(a). *Swierkeiwicz,* 534 U.S. at 510.

Additionally, as to each count, the City contends that Plaintiff has not plausibly alleged that she was meeting its legitimate expectations. *See Sempovich v. Tactile Sys. Tech., Inc.*, 19 F.4th 643, 650 (4th Cir. 2021). To support its contention, the City relies primarily on the exhibit it attached to its motion, Plaintiff's mid-year performance evaluation showing supervisory dissatisfaction with her work. That exhibit, however, is not appropriate for consideration in adjudicating the motion to dismiss. The City will have an opportunity, as this litigation proceeds, to contend that Plaintiff's job performance was unsatisfactory. But the question at this stage is whether Plaintiff has alleged a plausible claim, and she has alleged that the City intentionally set illegitimate expectations for her. In other words, she contends that the City created impossible tasks for her to perform for the purpose of being able to claim poor performance. Taken as true, as they must be at this early stage of the case, those allegations suffice to state a plausible claim.

Thus, for the reasons described below, this Court concludes that, with the exception of her hostile work environment claim, Plaintiff's claims survive dismissal.

### 1. Sex Discrimination

Plaintiff alleges that her managers afforded her different treatment than her male colleagues, in that they denied her project management ("PM") training, assigned her data entry work suited for an employee below her job description, asked her to support more teams than her male counterparts, tasked her with impossible duties, and then used her non-performance of those tasks to give her poor reviews. She further alleges that she was subjected to adverse employment actions, including a performance evaluation that excluded her from consideration for a year-end bonus, and eventual termination. Taken as true, Plaintiff's allegations of disparate treatment from her male counterparts suffice to state a plausible claim for sex-based discrimination.

### 2. Disability Discrimination

Similarly, Plaintiff sufficiently alleges that the City discriminated against her on the basis of her disability. To state a claim for disability discrimination under the ADA, the plaintiff must allege facts to show that "(1) [she] is within the ADA's protected class; (2) [she] was discharged; (3) at the time of her discharge, [she] was performing the job at a level that met [her] employer's legitimate expectations; and (4) [her] discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001 (quoting *Haulbrook v. Michelin N. Am., Inc.*, 252 F.3d 696, 702 (4th Cir. 2001)). Liberally construed, the allegations in the TAC allege that she falls within the ADA's protected class as a person who had a disability and was granted disability accommodations, was discharged, and that her employer had set illegitimate expectations for her performance in light of her accepted ADA accommodations.

7

Additionally, Plaintiff alleges failure to accommodate her disability. Specifically, she alleges that despite the City's acceptance of her reasonable accommodations requiring a 20-minute break every two or three hours, the accommodations were either not abided by (in that she was assigned tasks that could not be completed in light of her accommodation) or were used against her in her performance reviews. "A reasonable accommodation is one that (1) 'enables [a qualified] individual with a disability . . . to perform the essential functions of [a] position,' 29 C.F.R. § 1630.2(o)(1)(ii); or (2) 'enable[s] [an] employee with a disability to enjoy equal benefits and privileges of employment as are enjoyed by . . . other similarly situated employees without disabilities,' id. § 1630.2(o)(1)(iii)." *Hamel v. Bd. of Educ. of Harford Cnty.*, Civ. No. JKB-16-2876, 2018 WL 1453335, at *10 (D. Md. Mar. 23, 2018). To meet the elements of her disability discrimination claim, then, Plaintiff must establish that with or without reasonable accommodation, she could perform the essential functions of her position. *See Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 572 (4th Cir. 2015); 42 U.S.C. § 12111(8) (defining "qualified individual"). The plaintiff bears the "burden of identifying an accommodation that would allow a qualified individual to perform the job," as well as "the ultimate burden of persuasion with respect to demonstrating that such an accommodation is reasonable." *Lamb v. Qualex, Inc.*, 33 Fed. App'x 49, 59 (4th Cir. 2002). "Once the plaintiff has met his burden of proving that reasonable accommodations exist, the employer may present evidence that the plaintiff's requested accommodation imposes an undue hardship on the employer." *Id.* Notably, "[a]n employer is not obligated to provide an employee the accommodation he or she requests or prefers; the employer need only provide some reasonable accommodation." *Crawford v. Union Carbide Corp.*, No. 98-2448, 1999 WL 1142346, *4 (4th Cir. Dec. 14, 1999) (internal quotations omitted), cert. denied, 530 U.S. 1234 (2000); *see also Crabill v. Charlotte Mecklenburg Bd. of*

*Educ.*, 423 Fed. App'x 314, 323 (4th Cir. 2011) (same). In the end, to establish a prima facie case for failure to accommodate, a plaintiff must demonstrate (1) that the employee was an individual with a disability within the meaning of the ADA; (2) that the employer had notice of the disability; (3) that with reasonable accommodation, the employee could perform the essential functions of the position; and (4) that the employer refused to make such accommodations. *Rhoads v. FDIC*, 257 F.3d 373, 387 n.11 (4th Cir. 2001); *see also Stephenson v. Pfizer*, 641 Fed. App'x 214, 219 (4th Cir. 2016) (per curiam); *Jacobs*, 780 F.3d at 579; *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013). Given those elements, Plaintiff's allegations that the City "agreed" to the accommodations she requested, but then did not abide by them, suffices to state a plausible claim.

### 3. Retaliation

Count Three alleges retaliation. Plaintiff has not alleged any facts suggesting direct evidence of retaliation, such as statements made regarding an intent to retaliate for her various complaints and charges. Instead, she suggests that the City's retaliatory intent can be inferred from its pattern of conduct. Title VII retaliation can be established by direct or indirect evidence of retaliatory animus, or by the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). *See Foster v. Univ. of Md.–E. Shore*, 787 F.3d 243, 249 (4th Cir. 2015), *abrogated on other grounds by Univ. of Texas Sw. Med. Ctr. v. Nassar,* 570 U.S. 338 (2013). While a Plaintiff need not allege a prima facie case of retaliation, its standards are useful in assessing whether Plaintiff has alleged a viable, plausible claim.

Here, while the City alleges that it is "unclear what protected actions" Plaintiff alleges she took, as set forth above, the TAC alleges a list of them to include a civil action, an EEOC charge, and a series of "formal complaints" about actions she believed to be discriminatory. At the motion to dismiss stage, such allegations are sufficient to plead a plausible claim.

Additionally, in the retaliation context, adverse employment actions are actions which "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks and citation omitted). Several of the actions alleged by Plaintiff fall into that category, at least including her poor performance evaluation a few weeks after filing complaints against McBride and Carter, and her termination. Under the low bar applicable to a motion to dismiss, Plaintiff has alleged a plausible claim, which the City will of course have an opportunity to refute as the case proceeds.

4. **Hostile Work Environment**

While not expressly clear, it appears that Plaintiff alleges in part that she experienced sex discrimination in that she was subjected to a hostile work environment, which exists where "the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' . . . that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)). To establish a Title VII claim for a hostile work environment, "a plaintiff must show that there is (1) unwelcome conduct; (2) that is based on the plaintiff's [religion or protected activity]; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (quoting *Okoli v. City of Balt.*, 648 F.3d 216, 220 (4th Cir. 2011) (alteration and internal quotation marks omitted). "If the harasser is a supervisor, then the employer may be either strictly or vicariously liable," depending on whether the harassment culminates in a tangible employment action. *Strothers v. City of Laurel, Maryland*, 895 F.3d 317, 333 (4th Cir. 2018).

Initially, it is unclear that the type of conduct alleged by Plaintiff is properly described as "harassment." Almost all of the conduct alleged is not expressly connected in any factual way to Plaintiff's sex or her protected activity, such that it could be described as "severe or pervasive" or an "abusive work environment." While Plaintiff expressly alleges one telephone conversation consisting of a "sexual harassment attempt," she fails to plead any facts to make such a claim plausible. In other words, she fails to include specific facts to advise the City about what she is alleging happened and to allow the Court to assess whether she has plausibly alleged sexual harassment. As presently pled, she has not, and to the extent the TAC intended to include a claim for hostile work environment, it will be dismissed.

## IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss, ECF 43, will be DENIED except that it is GRANTED as to Plaintiff's hostile work environment claim. The case will proceed to discovery as to the claims for sex discrimination, disability discrimination, and retaliation. A separate Order follows.


Dated:  May 11, 2023                                        /s/
                                               Stephanie A. Gallagher
                                               United States District Judge