IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERTA L. HINES,
    *Plaintiff*,

v.

MAYOR AND CITY COUNCIL OF BALTIMORE,
    *Defendant*

No. 22-CV-1243-SAG

**MEMORANDUM OPINION AND ORDER**

Plaintiff Roberta L. Hines filed this action in May 2022, contending that she had been subjected to sexual harassment, discrimination on the basis of sex and disability, and retaliation. ECF No. 1. Ms. Hines, who is self-represented, has filed several amendments to her complaint, most recently a third amended complaint filed in February 2023, ECF No. 50, following the Court's authorization of such filing, *see* ECF No. 49. Defendant, the Mayor and City Council of Baltimore ("Defendant" or "the City") moved to dismiss Plaintiff's complaint, a motion the Court decided pursuant to a memorandum opinion and order in May 2023, granting the City's motion with respect to Plaintiff's hostile work environment claim, but permitting her claims for sex discrimination, disability discrimination, and retaliation to proceed. ECF Nos. 56 & 57. The parties then proceeded to discovery, disputes over which, along with related scheduling matters, have been referred to me. ECF No. 69.

Two disputes are currently pending, as presented by the parties' joint status report, ECF No. 77, and Defendant's Motion to Extend Scheduling Order, ECF No. 78. This follows a telephonic hearing on several prior discovery disputes, held on February 6, *see* ECF No. 75, following which Plaintiff's then-pending motion to compel (ECF No. 68) was denied as moot,

and the parties were directed to meet and confer regarding whether there exist any remaining documents or information that are responsive to Plaintiff's requests for production of documents and interrogatories, and are not privileged, that have yet to be produced by the City. *See* Order, ECF No. 76. And Plaintiff's request for sanctions was denied, for the reasons explained at the hearing and in the written order. *Id.* ¶ 5.

The first presently pending dispute arises from Plaintiff's contention that Defendant has not in fact produced all responsive, discoverable documents. *See* ECF No. 77 at 1 ("Plaintiff contends that Discovery is not complete for the Plaintiff, as the supplemental documents received on Friday, February 9, 2024 were not marked CONFIDENTIAL, were still evasive; unanswered and or non-responsive to the question being asked; referred to other answers that did not answer or fully answer the question being asked; covered/switched up an original lie or fabrication to fit recent response; and or Defendant gave their own reason why the Plaintiff didn't need to receive said request."). But Defendant squarely represents to the Court that it has complied with its discovery obligations, explaining that "based on its knowledge, information, and belief, it has provided all documents that are responsive to the Plaintiff's requests," including through answers and documents propounded on October 25, 2023, January 26, 2024, and February 9, 2024. *Id.* at 4-5.

Construing Plaintiff's statement of the discovery disputes in her favor, as is appropriate given her self-represented capacity, her only dispute with regard to alleged inadequacy of Defendant's document productions—as opposed to interrogatory answers—is that documents produced in a supplemental production on February 9, 2024, were not marked as confidential. On that issue, the parties are directed to the Stipulated Order Regarding Confidentiality of Discovery Material, ECF No. 65 ("Confidentiality Order"). Although the designation provisions

of that order contemplate designation by producing parties, not receiving parties, that dispute will be resolved as follows: by February 19, 2024, Plaintiff shall inform Defendant of which documents from Defendant's document production(s) she believes should be designated as confidential, *i.e.* "contain sensitive personal information, trade secrets or other confidential research, development, or commercial information which is in fact confidential," *see id.* ¶ 1(a); if Defendant disagrees, such dispute shall be presented through a motion filed by Defendant pursuant to the procedures set forth in paragraph 4 of the Confidentiality Order.

Most of Plaintiff's other complaints about discovery—namely that Defendant's documents or interrogatory answers were "evasive" or "covered/switched up an original lie or fabrication to fit recent response," ECF No. 77 at 1—pertain to the merits of the case, not whether Defendant has complied with its discovery obligations. And as to whether particular interrogatory responses did not "fully answer the question being asked," *id.*, Plaintiff has not specified particular responses she contends were inadequate, and in any event has had ample opportunity to request documents and depose witnesses to seek additional or different information. There being no basis presented to dispute the City's representation that "based on its knowledge, information, and belief, it has provided all documents that are responsive to the Plaintiff's requests," ECF No. 77 at 4-5, discovery is complete.

That leaves the City's request to extend the discovery period based on Plaintiff's February 12, 2024, supplementation of her responses to interrogatories 7 and 10, which refer to Michael Wisniewski, Ms. Hines' former manager, as a person who has made a "statement[] . . . regarding . . . the facts alleged" (interrogatory 7) and as a "person . . . with knowledge and/or discoverable information concerning all or any part of the alleged circumstances giving rise to [Plaintiff's] Complaint" (interrogatory 10). ECF No. 80 at 1-2. Whether to extend discovery

depends on a variety of factors, the precise contours of which depend on the circumstances. But as Judge Chasanow has put it, the question presented here is "whether [the City] has shown that despite [its] counsel's diligence and good faith efforts the discovery deadlines could not be met and that there is a good cause to permit additional discovery at this late stage in the litigation." *Innovative Therapies, Inc. v. Meents*, 302 F.R.D. 364, 384 (D. Md. 2014).

Defendant contends the identification of Mr. Wisniewski is "newly discovered information"; that the City "needs an opportunity to question, depose, or review documents" related to Mr. Wisniewski; and that a 45-day extension of all remaining deadlines is accordingly necessary. ECF No. 78 ¶¶ 8-10. But as Ms. Hines points out, Defendant has known since at least August 2023 of Mr. Wisniewski's involvement and relevant knowledge. In Ms. Hines' original answers to interrogatories, served August 24, 2023, she detailed several ways in which Mr. Wisniewksi was a witness to her allegations. ECF No. 79-1 at 6, 8, 13, and 14. And Plaintiff expressly identified Mr. Wiskiewski as a person she anticipated calling as a witness at trial. *Id.* at 18. And in December 2023, the topic came up during Defendant's deposition of Ms. Hines, where the following colloquy took place:

> Q. Ms. Hines, right before the break, you were asked to provide the names of the [sic] some of the witnesses for your discrimination case.
> A. Yes.
> Q. Can you recall that?
> A. Yes.
> Q. And you provided a few more, Samantha Lockhart and Robert McBride; is that correct?
> A. Yes.
> Q. And do you want to add anybody to that list?
> A. Yeah, I need to add my former manager, Michael Wisn[iew]ski.

ECF No. 79-2.

4

If Defendant had wanted to depose Mr. Wiskniewksi it had ample opportunity to do so; Ms. Hines' February 12, 2024, supplementation did not disclose new information that would justify finding good cause for extension of the discovery deadline. Accordingly, Defendant's motion to extend the schedule is denied.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendant's Motion to Extend Scheduling Order, ECF No. 78, is DENIED;

2. Insofar as Plaintiff's submission as part of the parties' joint status report, ECF No. 77, seeks an order compelling Defendant to produce additional documents, that request is DENIED in light of Defendant's representation that, based on its knowledge, information, and belief, it has provided all documents that are responsive to the Plaintiff's requests;

3. As to confidentiality designations, by February 19, 2024, Plaintiff shall inform Defendant of which documents from Defendant's document production(s) she believes should be designated as confidential, and if Defendant disagrees, such dispute shall be presented through a motion filed by Defendant pursuant to the procedures set forth in paragraph 4 of the Confidentiality Order; and

4. The parties are directed to comply with the current scheduling order, *see* ECF No. 67, under which requests for admission are due February 19, 2024, and dispositive pretrial motions (if any) are due March 11, 2024.

Date:   February 15, 2024                    _____/s/_____
                                             Adam B. Abelson
                                             United States Magistrate Judge